**Victoria SHAEV, Plaintiff–Appellant,**

v.

**Sir Ronald HAMPEL; John P. Mulroney; Marina V.N. Whitman; Alain J.P. Belda; Hugh M. Morgan; Henry B. Schacht; Franklin A. Thomas; Kenneth W. Dam; Judith M. Gueron; Paul H. O'Neill; Joseph T. Gorman; George E. Bergeron; Richard L. Fischer; L. Patrick Hassey; Richard B. Kelson; Denis A. Demblowski; Alcoa, Inc. and Pricewaterhousecoopers, LLP, Defendants–Appellees.**

No. 02–9453.

United States Court of Appeals, Second Circuit.

Sept. 17, 2003.

A. Arnold Gershon, Ballon Stoll Bader & Nadler, P.C., New York, New York. for Plaintiff–Appellant.

Warren H. Colodner, Kirkpatrick & Lockhart LLP; James J. Capra, Jr., Orrick, Herrington & Sutcliffe LLP; Evan R. Chesler and Daniel Slifkin, Cravath, Swaine & Moore LLP, New York, New York. for Defendants–Appellees.

PRESENT: CALABRESI, KATZMANN, Circuit Judges, and POLLACK,* District Judge.

### SUMMARY ORDER

Plaintiff–Appellant Victoria Shaev appeals from district court rulings granting defendants' motion to dismiss her amended complaint, and denying her motions to allow discovery and to enlarge the record. Shaev alleges that a proxy statement issued by the defendants on March 8, 1999, violated Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), and Rule 14a–9, promulgated thereunder, 17 C.F.R. § 240.14a–9, by making material misstatements and omissions as to the number of shares available under a proposed stock incentive plan, and by failing to provide a Black–Scholes estimate of the plan's cost. Further, she contends that the district court abused its discretion: (1) in denying her motion to allow discovery on the issue of whether reasonable estimates of these figures were available to the defendants when they disseminated the proxy statement; and (2) in excluding the report of an independent proxy statement review firm from the record.

The district court acted well within its discretion in denying the plaintiff's motions to allow discovery and to enlarge the rec-

* Honorable Milton Pollack, Senior United States District Judge for the Southern District of New York, sitting by designation.

ord. We also agree with the court below that our decision in *Resnik v. Swartz, et al.*, 303 F.3d 147 (2d Cir.2002), requires that the plaintiff's amended complaint be dismissed under Fed.R.Civ.P. 12(b)(6). We need not, therefore, reach the other questions raised by this appeal.[1]

We have considered all of the appellant's arguments and found them to be without merit. Accordingly, for substantially the reasons stated by the district court, we AFFIRM.

---

1. Thus, we need not decide whether plaintiff's complaint could also be dismissed for failure to make a demand on Alcoa's Board of Directors, nor whether plaintiff's complaint was pleaded with sufficient particularity.

